IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY | § § § | |
| V. | § § | CIVIL ACTION NO. 5:19-cv-44 |
| RIVER THREE PARTNERSHIP | § § | |

**PLAINTIFF EVANSTON INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Evanston Insurance Company ("Evanston") files its Original Complaint and Request for Declaratory Judgment against River Three Partnership ("River Three") and would respectfully show the Court as follows:

### I.
### NATURE OF THE ACTION

1. Evanston brings this claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. Evanston seeks a declaratory judgment that there is no coverage under Commercial Policy No. 2AA112691 for damage claimed by River Three to its property located at 518 NAFTA Boulevard, Suite B, Laredo, TX 78045 (the "Property").

### II.
### THE PARTIES

3. Evanston is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.

4. Defendant, is a partnership, doing business in the State of Texas, and service of process may be executed by serving Oscar Torres at 518 NAFTA Boulevard, Suite B, Laredo, TX 78045.

1

## III.
### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship of the parties. The amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over River Three because River Three is a Texas partnership with its principal place of business in the state of Texas and, on information and belief, all of its partners reside in Texas.

7. Venue is proper in the Laredo Division of this Court pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to Evanston's request for declaratory judgment took place in Webb County, Texas, which is located in the Laredo Division of this District.

## IV.
### FACTUAL BACKGROUND

8. Evanston issued a Commercial Policy, Policy No. 2AA112691 to River Three with a policy period of December 15, 2016 through December 15, 2017 (the "Policy") for the premises located at 518 NAFTA Boulevard, Suite B, Laredo, TX 78045 (the "Property"). See Exhibit A, a true and correct copy of the Policy, attached and incorporated for all purposes.

9. On July 18, 2018, River Three, through its public adjuster, Under Paid Claim LLC, reported damage to the roofs at the Property allegedly caused by a May 21, 2017 hail and wind storm. Evanston assigned the claim, Claim No. P045228.

10. On August 21, 2018, Jeffrey F. Rotman ("Rotman"), licensed Civil Engineer with Rimkus Consulting Group, Inc. ("Rimkus") inspected the Property to evaluate the roofs of the Property for hail or wind damage. Rotman determined that "No hail, wind, or general storm damage had occurred to the building and surrounding property." See Exhibit B, a true and correct copy of the

September 24, 2018, Rimkus report, attached and incorporated for all purposes, at Page 2. In particular, Rotman concluded that "The building has not suffered storm damage that allowed water to infiltrate into the building and cause damage." Exhibit B, Page 2.

11. Rotman did not find evidence of storm damage to the roof. Instead, he found that the warehouse and office roofing panels "had missing fasteners and open fastener holes, deteriorated and missing weather stripping, bent ridge panels with cracks and holes, as well as holes from missing screws in the roof to front warehouse building wall flashing. These issues were not caused by a storm or storm-related influence." Exhibit B, Page 2. Rotman attributed some of the damage to deteriorated foam sealant cover in the roof at the front building extension, with open transition cracks at the warehouse building wall. Exhibit B, Page 2.

12. Evanston specifically incorporates photograph numbers 9-12, 18-24, 27-29, 31-33, 35-36, and 39-40 from Exhibit B (the Rimkus report) as illustrating the various non-storm related openings in the roof, providing avenues for water intrusion without a storm created opening.

13. On October 1, 2018, Evanston denied River Three's claim because the damage was found to be the result of non-covered losses. See Exhibit C, a true and correct copy of the denial letter, attached and incorporated for all purposes.

14. On June 13, 2018, Under Paid Claim LLC submitted an estimate in the amount of $175,705.04 for a total roof replacement and interior repairs. See Exhibit D, the Under Paid Claim, LLC estimate, attached and incorporated for all purposes.

15. Despite having been advised that there is no coverage under the Policy for the claimed damage, River Three, through Under Paid Claim LLC, submitted a demand for appraisal dated February 5, 2019. See Exhibit E, a true and correct copy of the February 5, 2019 demand for appraisal, attached and incorporated for all purposes.

16.     On February 6, 2019, Evanston declined appraisal because its investigation has shown that there was no direct physical loss to the Property that is covered under the Policy.  See Exhibit F, a true and correct copy of the February 6, 2019 correspondence, attached and incorporated for all purposes.

## V.
### S<small>UIT FOR</small> D<small>ECLARATORY</small> J<small>UDGMENT</small>

17.     Evanston seeks a declaratory judgment under 28 U.S.C. § 2201 that there was no direct physical loss to the Property that is covered under the Policy.

18.     River Three is not entitled to proceeds under the Policy because the policy provisions exclude coverage for the claimed damage to River Three's Property as shown here:

The Policy provides in pertinent part:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

    **A.**    **Coverage**
        We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

***

    **CAUSES OF LOSS – SPECIAL FORM**

    **A.**    **Covered Causes of Loss**
        When Special is shown in the Declarations, Covered Cause of Loss means direct physical loss unless the loss is excluded or limited in this policy.

***

    **B.**    **Exclusions**

***

        **2.**    We will not pay for loss or damage caused by or resulting from any of the following:

***

            **d.**    **(1)**    Wear and tear;
                    **(2)**    Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

***

4

    **3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

      **a.** Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** above to produce the loss or damage.

***

      **c.** Faulty, inadequate or defective:

***

        **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        **(3)** Materials used in repair, construction, renovation or remodeling; or
        **(4)** Maintenance;
  of part or all of any property on or off the described premises.

***

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

  **1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section

***

    **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
      **(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
      **(2)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

19. Loss to the property caused by improper maintenance, wear and tear, rust, corrosion, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself, is expressly and unambiguously excluded from coverage.[1]

---

[1] *Port of Seattle v. Lexington Insurance Co.*, 48 P.3d 334, 338-9 (2002) citing *State Farm Fire & Casualty Co. v. Volding,* 426 S.W.2d 907 (Tex.App. Dallas 1968, writ ref'd n.r.e.) and *Aetna Casualty & Surety Co. v. Yates*, 344 F.2d 939 (5th Cir. 1965).  *See also Merrimack Mutual Fire Insurance Company v. McCaffree*, 486 S.W.2d 616, 620 (Tex.Civ.App. Dallas, 1972) citing *Aetna Casualty & Surety Co. v. Yates*, 344 F.2d 939 (5th Cir. 1965).  *See also Northfield Ins. Co. v. Tri My Way, Inc.*, 2003 WL 21854424, *8 (N.D.Tex. 2003) (not designated for publication) (Finding that the evidence submitted was sufficient to prove the claimed losses not paid by the insurer were "due to and resulting from, ordinary wear and tear, gradual deterioration, and lack of maintenance" which were excluded under the Policy.)

20.     Evanston would show that the Policy, when read as a whole, unambiguously demonstrates that there is no coverage for any of the damage to the Property claimed by River Three.

21.     Because there is no covered damage to the Property, an appraisal to determine the cost of repair of any non-covered damage at the Property would be a waste of time and expense.

## VI.
## PRAYER

22.     FOR THESE REASONS, Evanston Insurance Company requests that, after trial on the merits, this Court issue an order declaring, pursuant to 28 U.S.C. § 220, that:

   a.   that there is no direct physical loss to the Property causing damage that is covered under the Policy; and

   b.   any and all other relief to which Evanston shows itself to be justly entitled.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
   A LAW CORPORATION


By: */s/ Martin R. Sadler*
   Martin R. Sadler
   Texas Bar No. 00788842
   msadler@lawla.com

801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEY-IN-CHARGE FOR DEFENDANT,
EVANSTON INSURANCE COMPANY

OF COUNSEL:

Christine R. Edwards
Texas Bar No. 24107329
cedwards@lawla.com
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996